ELIZABETH THIEMSEN, Respondent, v. HARRY C. FISHER, Appellant.— Appeal from order denying motion to dismiss action for want of prosecution. Order, in so far as appealed from, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs. The plaintiff has been grossly dilatory and the denial of defendant's motion was an improvident exercise of discretion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

TITLE GUARANTEE AND TRUST COMPANY, as Mortgagee of Record in an Extension Agreement Executed Pursuant to a Plan of Readjustment, etc., of the Rights of the Holders of Investments in a Certain Mortgage Covering Premises 98 Montague Street (Bossert Hotel), Brooklyn, New York, Guaranteed by BOND AND MORTGAGE GUARANTEE COMPANY, Guarantee No. 170903, Approved by a Final Order of the Supreme Court of the State of New York for the County of Kings, Entered the 4th Day of January, 1935, and for the Benefit of the Holders of Investments in Said Mortgage, Plaintiff, v. ESTATE OF LOUIS BOSSERT, INC., and Others, Defendants, BROOKLYN TRUST COMPANY, as Trustee and Assignee, etc., and RICHARD I. N. WEINGART, as Receiver, etc., and CONTINENTAL CASUALTY COMPANY, Surety, Appellants; PUBLIC OPERATING CORPORATION, Respondent.— Order granting motion of the respondent and directing the reopening of a proceeding settling the final account of a receiver for the purpose of permitting appropriate proceedings to be taken to compel the enforcement of two directions in a prior order, affirmed, with ten dollars costs and disbursements. The order under review does not vary or modify the decretal provisions of the prior order, particularly with respect to discharge from liability of the receiver and his surety. The prior order predicated such discharge upon the assumption by the trustee of the receiver's obligations, in accordance with its agreement, particularly with respect to the respondent's claim, to assume any responsibility of the receiver, which agreement was ratified and confirmed. The activities of the receiver, as such, were not terminated by the prior order, but on the contrary, by ratification of the agreement between the trustee and the receiver, cognizance was taken of the fact that the receiver would continue as defendant in the action brought against him by the respondent. The present order, despite its references to the vacating of the prior order, merely assures the continuance in office of the receiver for the purpose of implementing the liability of the trustee. We do not, at this time, pass upon the efficacy of the prospective " appropriate proceedings." Lazansky, P. J., Carswell, Taylor and Close, JJ., concur; Hagarty, J., not voting.

(December 23, 1940.)

FRANCESCO COSTANTINO, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.